**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arnold D. BUTLER, Defendant–Appellant.**

**No. 15–8017.**

United States Court of Appeals, Tenth Circuit.

Aug. 3, 2015.

John Robert Green, Office of the United States Attorney, Cheyenne, WY, David A. Kubichek, Esq., Office of the United States Attorney, Casper, WY, for Plaintiff–Appellee.

Arnold D. Butler, Beaver, WV, pro se.

Before GORSUCH, O'BRIEN, and BACHARACH, Circuit Judges.

**ORDER AND JUDGMENT** *

NEIL M. GORSUCH, Circuit Judge.

After the Sentencing Commission lowered the base offense levels for certain drug crimes, *see* U.S. Sentencing Guidelines Manual (U.S.S.G.) app. C, amend. 782 (Supp.2014), federal prisoner Arnold Butler asked the district court to reduce his sentence under 18 U.S.C. § 3582(c)(2). But as the district court said in denying that request, Mr. Butler isn't eligible for such a reduction because he's a career offender whose sentence derives from a different and unchanged part of the sentencing guidelines. *See* U.S.S.G. § 4B1.1(b). Mr. Butler appeals but he

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

doesn't address the basis for the district court's decision and so has waived any challenge to it. *United States v. Martinez,* 518 F.3d 763, 767 n. 2 (10th Cir.2008). Instead, he now voices an entirely different concern about his sentence, saying its imposition violated his constitutional rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—an argument he failed to pursue in the district court and so cannot pursue here and one that must fail in any event for § 3582(c)(2) does not provide a vehicle for challenges of this sort. *See United States v. Gay,* 771 F.3d 681, 686 (10th Cir.2014).

Affirmed.