**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CHAVEZ URIARTE,

    Defendant - Appellant.

No. 15-6199
(D.C. No. 5:13-CR-00205-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Jesus Caro-Cruz[1] appeals the district court's denial of his motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on a subsequent change

to the United States Sentencing Guidelines. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although charged as Juan Chavez-Uriarte, defendant's actual name is Jesus
Caro-Cruz.

**I**

In October 2013, Caro-Cruz pled guilty to conspiracy to possess methamphetamine with intent to distribute. His presentence report ("PSR") recommended a base offense level of 38 because of the quantity of methamphetamine attributable to Caro-Cruz. It also recommended a two-level reduction because Caro-Cruz met the safety-valve requirements of U.S.S.G. § 5C1.2, and a three-point reduction for acceptance of responsibility, resulting in a total offense level of 33. Based on the total offense level and a criminal history category of I, the PSR recommended a Guidelines range of 135 to 168 months' imprisonment. At a February 2014 sentencing hearing, Caro-Cruz was sentenced to a downwardly variant sentence of 96 months' imprisonment, based on his age, lack of criminal history, and required deportation at the conclusion of his sentence.

In 2014, the United States Sentencing Commission promulgated Guidelines Amendment 782, which generally lowered the offense level of individuals sentenced under § 2D1.1(c) by two. U.S.S.G. Manual, Supp to App. C, amend. 782. Following the amendment, Caro-Cruz filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court denied the motion. Caro-Cruz timely appealed.

**II**

We review "de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding." United States v. Gay, 771 F.3d 681, 685 (10th Cir. 2014). Federal courts may only modify a defendant's sentence when Congress expressly authorizes it. § 3582(c); see also Dillon v. United States, 560

U.S. 817, 819-20 (2010). Congress has authorized courts to modify a sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A court may not generally reduce a defendant's term of imprisonment to "less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But if the defendant originally received a sentence lower than the Guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." § 1B1.10(b)(2)(B).

Under Amendment 782, Caro-Cruz would have a revised base offense level of 36. His total offense level would be 31, and the amended Guidelines range would be 108 to 135 months' imprisonment. But because Caro-Cruz's current sentence of 96 months' imprisonment is below the amended guidelines range, he is ineligible for a sentence reduction.

Caro-Cruz argues that because defendants that receive a safety-valve sentence should be treated the same as defendants who provide substantial assistance, he should be eligible. He contends that the language of § 1B1.10(b)(2)(B) merely lists one example of defendants who are eligible for below-Guidelines modifications. However, the language of § 1B1.10(b)(2)(B) allows reductions below the amended Guidelines range only for defendants who provide substantial assistance. Courts are generally prohibited from reducing a sentence that is already below the low end of an amended Guidelines range. § 1B1.10(b)(2)(A). Section 1B1.10(b)(2)(B) is the only

narrow exception to that rule. Thus, a court does not have jurisdiction to reduce a defendant's sentence below the amended Guidelines range absent a government motion for a reduction for substantial assistance. The government did not file such a motion in this case, and Caro-Cruz thus is ineligible for a reduction.

Caro-Cruz attempts to rely on United States v. Wren, 706 F.3d 861, 864 (7th Cir. 2013), to suggest § 1B1.10(b)(2)(B) permits the court to grant relief to safety-valve defendants. But the Wren Court held that a sentence reduction was authorized if a defendant's initial Guidelines range was higher than the statutory minimum and a subsequent Guidelines amendment reduced the bottom of the applicable range below the statutory minimum. Id. at 864.[2] Wren is thus inapplicable to Caro-Cruz's sentence.

### III

For the foregoing reasons, we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Moreover, Wren concerns the denial of sentence reduction motions for defendants who received downward departures for providing substantial assistance, not because they qualified for the safety valve. Id. at 862.