**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDDIE SERRATO,

    Defendant - Appellant.

Nos. 16-8011 & 16-8014
(D.C. Nos. 1:11-CR-00193-NDF-5 and
2:15-CV-00059-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**
**AND ORDER DENYING CERTIFICATE OF APPEALABILTY[*]**
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

In 2012, a jury convicted Eddie Serrato on two counts: conspiring to possess with intent to distribute, and to distribute, 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); and attempting to possess with intent to distribute 50 grams or more of methamphetamine (actual), and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. The district court sentenced Serrato to 300 months' imprisonment, and we

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment and order denying COA are not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. They may be cited, however, for their persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirmed his conviction and sentence. *See United States v. Serrato*, 742 F.3d 461, 463–64 (10th Cir. 2014).

We now consider Serrato's appeals in two cases he has filed after we affirmed his convictions and sentence on direct appeal. In No. 16-8014, Serrato filed a motion for post-conviction relief under 28 U.S.C. § 2255. There, he asserted five grounds for relief, four of which were claims of ineffective assistance of trial counsel. The district court denied relief and further denied a certificate of appealability (COA). In No. 16-8011, Serrato filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He contended that Amendment 782 lowered his applicable Sentencing Guidelines range, entitling him to a reduced sentence. The district court concluded that Serrato was ineligible for a sentence reduction and dismissed his § 3582(c)(2) case for a lack of jurisdiction.

In No. 16-8014, we exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and conclude that Serrato has not made the required showing for a COA. Thus, we deny a COA and dismiss this appeal. In No. 16-8011, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's dismissal of Serrato's § 3582(c)(2) motion.

## I.    Background

In 2009, Wyoming law enforcement officers began investigating Sotero Negrete for distributing methamphetamine in Casper. *Serrato*, 742 F.3d at 463. As part of that investigation, they learned that Serrato and another co-conspirator were supplying Negrete with methamphetamine for redistribution. *Id.*

2

In 2012, a jury convicted Serrato of conspiring to possess with intent to distribute, and to distribute, methamphetamine (actual) and of attempting to possess with intent to distribute methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1). *See id.* at 463–64. Applying U.S.S.G. § 2D1.1, the probation officer calculated Serrato's base-offense level at 38 after finding relevant conduct of 1.8 kilograms of methamphetamine (actual). *Id.* at 469. The probation officer then recommended that the district court apply two specific-offense characteristics: a two-level increase under U.S.S.G. § 2D1.1(b)(5) for Serrato's importing drugs; and a three-level increase under U.S.S.G. § 3B1.1(b) for Serrato's aggravated role in the offense. *Id.* With Serrato's criminal-history category of III and a total offense level of 43, Serrato's advisory Guidelines range would have been life imprisonment. *Id.*

But at sentencing, the district court determined that the aggravated-role enhancement should be two levels, not three. Thus, Serrato's total offense level fell to 42, yielding an advisory Guidelines range of 360 months to life imprisonment. *Id.* In fashioning Serrato's sentence, the district court began at the bottom of the range—360 months—and varied downward to a sentence of 300 months. The court justified the variance on "Mr. Serrato's current age and the court's view that a below-Guidelines sentence was sufficient to reduce the likelihood of re-offense at the age Mr. Serrato will have reached on release." *Id.* In June 2014, we affirmed Serrato's conviction and sentence on direct appeal. *Id.* at 473.

## II. No. 16-8014: Serrato's § 2255 Motion

In April 2015, Serrato filed a motion for post-conviction relief under 28 U.S.C. § 2255. He asserted five grounds for relief: (1) trial counsel's ineffective assistance during pretrial plea negotiations; (2) trial counsel's ineffectiveness for failing to file a pretrial motion to suppress incriminating statements; (3) trial counsel's ineffectiveness for failing to move to exclude 1,273 grams of methamphetamine from Serrato's relevant-conduct calculation; (4) trial counsel's ineffectiveness for not moving to dismiss the indictment; and (5) insufficient evidence supported Serrato's attempt-to-possess-methamphetamine conviction.

The district court denied Serrato relief. For the four ineffective-assistance-of-counsel claims, the district court concluded that Serrato had not shown either counsel's deficient performance or any resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). For Serrato's insufficient-evidence argument, the district court concluded that Serrato—who had not raised this claim on direct appeal—had not shown cause for his failure to raise this claim and also had not shown prejudice or a fundamental miscarriage of justice.

Serrato now asks us for a COA so that he can appeal the district court's order. We may issue a COA only if Serrato makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Serrato can make this substantial showing only by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

4

or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Serrato has failed to make this showing. In his COA petition, Serrato broadly contends that he "showed a constitutional violation" and that the district court "didn't comply with . . . *Slack*" and "den[ied] the issues without considering the 6th [A]mendment guarantee." Pet'r's Br. (No. 16-8014) at 4.

Although we view Serrato's petition liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we will not serve as his attorney in constructing arguments and searching the record, *see Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation marks omitted). "[W]hen a pro se litigant fails to comply with [those rules], we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841. Serrato's COA petition falls far short of complying with our appellate rules requiring arguments with citation to supporting authority. For each of the five claims he asserted in the district court, Serrato has not explained how the district court erred and, as mentioned, has provided no citation to supporting authority.

Even so, we have reviewed the district court's thorough order denying relief and agree with its conclusion that Serrato's claims lack merit. Simply put, Serrato has not shown that reasonable jurists could debate the correctness of the district court's denial of his § 2255 petition. *See Slack*, 529 U.S. at 484.

5

For his first claim, Serrato contended that his trial counsel was ineffective for failing to inform him about a plea offer. To succeed, Serrato must show (1) that trial counsel's performance was deficient, and (2) the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. Specifically for this claim, Serrato must show both that the government offered a plea agreement and that there is a reasonable probability that he would have accepted the plea agreement had he known about it. *See Milton v. Miller*, 744 F.3d 660, 672 (10th Cir. 2014). As the district court correctly noted, the record does not support Serrato's claim that the government offered him a plea deal. In fact, the government wrote in its response that "[a]fter review of the government's case file, there is no record that a formal plea offer was ever made to the Defendant." R. vol. I (No. 16-8014) at 76. In short, nothing supports Serrato's claims that the government offered him deals of 22 years and 12 years. Nor does Serrato assert that he would have accepted any plea offer, an unlikely possibility in view of Serrato's assertion that his counsel had "advised [him] that the government had no evidence against him and he could not be found guilty." *Id.* at 8. Reasonable jurists could not debate the district court's conclusion on this claim.

For his second claim, Serrato contended that his counsel failed to suppress co-conspirator statements Serrato made to Oscar Cervantes, who Serrato says was a government agent sent to Serrato's jail to solicit incriminating statements. The district court concluded that trial counsel did not act deficiently, because counsel argued against the admission of the very statements Serrato says counsel did not challenge. Serrato does nothing to contest this conclusion. And Serrato does not

6

attempt to demonstrate (or actually demonstrate) prejudice from any purported deficient performance. We noted some of Cervantes's testimony in our previous opinion, including Cervantes's testifying that he saw "several bundles of methamphetamine" in a room with Negrete and Serrato, who were "discussing drug quantities and prices." *Serrato*, 742 F.3d at 468. Reasonable jurists could not debate the district court's conclusion on this claim.

For his third claim, Serrato asserted that counsel was ineffective for failing to object to the probation officer's drug-quantity recommendation—specifically, 1,273 grams of methamphetamine found in Negrete's home after Serrato's arrest. The district court noted that trial counsel had, before and after sentencing, challenged the inclusion of this amount in Serrato's drug quantity. Serrato does nothing to challenge the district court's conclusion. The district court correctly denied relief on this ground.

For his fourth claim, Serrato asserted that counsel was ineffective for failing to move to dismiss the indictment based on insufficient notice and a double-jeopardy violation. Again, the district court concluded that counsel's performance was not deficient. The district court noted that counsel had "filed a Motion for Bill of Particulars, challenging the sufficiency of the Indictment." R. vol. I (No. 16-8014) at 136. And even if Serrato did convince us that his counsel performed deficiently, he still could not show prejudice. Indeed, we concluded on direct appeal that "the evidence was sufficient to support the jury's conviction on the single conspiracy as

7

charged." *Serrato*, 742 F.3d at 469. Reasonable jurists could not debate the correctness of the district court's conclusion on this claim either.

For his fifth claim, Serrato asserted that insufficient evidence supported his attempt-to-possess-methamphetamine conviction. The district court correctly concluded that Serrato could not assert this claim in his § 2255 petition, because he could have raised the claim on direct appeal.

> When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered.

*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Before both the district court and us, Serrato has failed to attempt to make either showing. Even if we considered the merits of this claim, we would agree with the district court's conclusion that there "was ample evidence to support Serrato's conviction." R. vol. I (No. 16-8014) at 135. As we noted, law enforcement knew that an out-of-state car would deliver methamphetamine to Negrete's house on April 6, 2011—the date charged in the indictment. *Serrato*, 742 F.3d at 471. Serrato drove to Negrete's house, delivered methamphetamine, and left. Soon afterward, police apprehended him. *Id.* And police recovered the methamphetamine from another man after the man drove into Negrete's garage and then quickly left. *Id.* Reasonable jurists could not debate the district court's conclusion on this claim.

We deny a COA and dismiss this appeal.

8

### III.    No. 16-8011: Serrato's § 3582(c)(2) Motion

In November 2015, Serrato filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). He contended that Amendment 782 to the Sentencing Guidelines reduced his Guidelines range, entitling him to a reduced sentence. Although not a ground allowed under § 3582(c)(2), Serrato also asserted that his sentence violated both *Alleyne v. United States*, 570 U.S. 133 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court dismissed Serrato's § 3582(c)(2) motion for a lack of jurisdiction.

We review de novo a district court's decision concerning the applicability of § 3582(c)(2). *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). Generally, federal courts lack jurisdiction to modify a previously imposed prison term. *Dillon*, 560 U.S. at 819. But § 3582(c)(2) provides a limited exception for cases where the Sentencing Commission subsequently lowers a defendant's initial sentencing range. 18 U.S.C. 3582(c)(2).

Amendment 782 increased the threshold weight of certain drugs necessary to reach base offense level 38. U.S.S.G. Manual, supp. app. C, amend. 782 (2014); *see United States v. Gay*, 771 F.3d 681, 683 n.1 (10th Cir. 2014). Thus, the district court concluded that Amendment 782 lowered Serrato's base-offense level from 38 to 36, and his total offense level from 42 to 40. But this left Serrato's advisory range the same as before Amendment 782—360 months to life imprisonment. Accordingly, the district court concluded that § 3582(c)(2) and U.S.S.G. § 1B1.10 afforded Serrato no relief.

9

We agree with the district court. Serrato's § 3582(c) claim fails for two reasons. First, U.S.S.G. § 1B1.10(b)(2)(A) directs that courts may not "reduce the defendant's term of imprisonment under [§ 3582(c)(2)] and this policy statement to a term that is less than the minimum of the amended guideline range."[1] As the district court concluded, Serrato's 300-month sentence was already less than the minimum of the amended range, 360 months. Second, even with Amendment 782, Serrato's revised advisory Guidelines range remained at 360 months to life. Thus, Serrato's range is not one that "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As part of his § 3582(c) case, Serrato also raises other arguments about the district court's failing to consider the 18 U.S.C. § 3553(a) factors and his arguments about *Apprendi* and *Alleyne*. Simply put, these claims are unavailable under § 3582(c)(2)'s limited relief. Instead, they are collateral attacks on his conviction and sentence.[2] *See Gay*, 771 F.3d at 686 (noting that "[§] 3582(c)(2) proceedings are 'narrow' in scope and authorize 'only a limited adjustment to an otherwise final

---

[1] We note that U.S.S.G. § 1B1.10(b)(2)(A) contains an exception to the prohibition against a sentence reduction below the low end of the amended Guidelines range. If the district court sentenced a defendant after granting the government's motion under U.S.S.G. § 5K1.1 for a sentence that reflects "the defendant's substantial assistance to authorities," then "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Nothing in the record shows that Serrato provided substantial assistance, or that his sentence was based on U.S.S.G. § 5K1.1. We agree with the district court that this exception to U.S.S.G. § 1B1.10(b)(2)(A) does not apply.

[2] We note that Serrato could have raised these arguments in his § 2255 motion, but he did not.

10

sentence'" (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010))). The district court correctly concluded that it lacked jurisdiction to reduce Serrato's already-below-Guidelines sentence.

## IV.    Conclusion

In No. 16-8014, we deny a COA and dismiss the appeal.[3] In No. 16-8011, we affirm the district court's dismissal of Serrato's § 3582(c)(2) motion.


Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[3] In No. 16-8014, the district court granted Serrato's motion to proceed in forma pauperis (IFP) on appeal. Nevertheless, Serrato filed another IFP motion on appeal. Because the district court granted Serrato leave to proceed IFP on appeal, we deny Serrato's March 16, 2016 IFP motion as moot.