**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAMON MONTAÑO,

    Defendant - Appellant.

No. 15-2196
(D.C. No. 2:95-CR-00104-LH-3)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Ramon Montaño appeals the district court's dismissal of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) for lack of jurisdiction. His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Montaño was convicted by a jury of possession with intent to distribute marijuana and methamphetamine, and engagement in a continuing criminal enterprise ("CCE"). His presentence report ("PSR") recommended a base offense level of 42: the offense involved 447,720 kilograms of marijuana equivalent resulting in a base offense level of 38 under the then applicable version of U.S.S.G. § 2D1.1(c), and the conviction for engagement in a CCE increased the offense level by four. The PSR calculated a criminal history category of I and recommended a Guidelines range of 360 months to life imprisonment. The district court adopted the PSR and sentenced Montaño to 360 months' imprisonment.

In 2014, the United States Sentencing Commission promulgated Guidelines Amendment 782, which generally lowered the offense level of individuals sentenced under § 2D1.1(c) by two. U.S.S.G. Manual, Supp. to App. C, amend. 782. Montaño filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court dismissed the motion for lack of jurisdiction, and Montaño timely appealed.

**II**

If an attorney concludes that any appeal would be frivolous after conscientiously examining the case, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues and submit the brief to the defendant, who may then submit a pro se brief. Id. If the court determines that the appeal is in

2

fact frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal.  Id.

Counsel raises a number of substantive arguments, but argues that the district court lacked jurisdiction to consider them.  "Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed," United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013), and may only modify a defendant's sentence when Congress expressly authorizes it, § 3582(c); see also Dillon v. United States, 560 U.S. 817, 819-20 (2010).  Congress has authorized courts to modify a sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  § 3582(c)(2).  We review "de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding."  United States v. Gay, 771 F.3d 681, 685 (10th Cir. 2014).

Although Amendment 782 reduced most of the quantity-based offense levels on the Drug Quantity Table, it retained a base offense level of 38 for offenses involving 90,000 kilograms or more of marijuana.  U.S.S.G. § 2D1.1(c).  Because the quantity of drugs involved in Montaño's offense—approximately 447,720 kilograms of marijuana equivalent—is well above the amended threshold of 90,000 kilograms for a base offense level of 38, his base offense level and Guidelines range are unchanged by Amendment 782.  Accordingly, he was not eligible for a sentence reduction under § 3582(c).  See § 1B1.10(a)(2)(B) (a defendant is not eligible for a sentence reduction when the amendment "does not have the effect of lowering the

3

defendant's applicable guideline range").  And because a district court does not have jurisdiction over a motion if "a change in the guidelines would not lower the offense level," United States v. White, 765 F.3d 1240 (10th Cir. 2014), the district court properly concluded it did not have jurisdiction.  Id. at 1246.  Any argument to the contrary would be frivolous.

## III

Counsel is correct that the district court lacked jurisdiction to decide Montaño's motion.  We **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

4