**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CAN D. PHUNG, M.D.,

    Defendant - Appellant.

Nos. 16-6252 & 16-6267
(D.C. No. 5:08-CR-00131-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK** and **MORITZ**, Circuit Judges.
_____

Can Phung, a former federal prisoner appearing pro se, filed notices that he was appealing the district court's grant of a sentence reduction under 18 U.S.C. § 3582(c), and subsequent denial of Phung's motion to dismiss his court-appointed counsel.[1] Because Phung's appellate briefs do not challenge those rulings, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Phung filed an initial notice of appeal, No. 16-6252, but after the time to appeal had expired, he filed a "replacement" notice of appeal, No. 16-6267, asking the court to delete the first notice of appeal because he hadn't signed it. We construe the initial notice of appeal as timely filed, and the replacement notice of appeal as

(continued)

Phung was convicted in 2009 of dispensing controlled substances without legitimate medical purpose, health care fraud, and altering records in a federal investigation. He was sentenced to 109 months' imprisonment. Phung's convictions were affirmed on direct appeal. *United States v. Phung*, 384 F. App'x 787, 794 (10th Cir. 2010). Phung filed a 28 U.S.C. § 2255 motion for post-conviction relief, which was denied in 2011.

In 2015, the district court identified Phung as potentially eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines, and appointed a Federal Public Defender to represent him. *See* U.S. Sentencing Guidelines Manual, app. C, amend. 782 (2014) (retroactively reducing by two levels many base offense levels in the Guidelines' Drug Quantity Table); *see also* § 3582(c)(2) (permitting court to modify defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

Phung's appointed counsel filed an unopposed motion for sentence reduction. But Phung, who maintains he was wrongfully convicted, filed a pro se objection, arguing he didn't want a sentence reduction or appointed counsel because these actions would legitimize his conviction. Nonetheless, the district court granted the sentence reduction, decreasing Phung's sentence to 87 months, and by separate order,

---

curing the non-jurisdictional signature defect in the initial notice. *See Becker v. Montgomery*, 532 U.S. 757, 765-66 (2001) (holding that failure to sign a timely notice of appeal can be cured after the deadline to file the notice).

ruled Phung's motion to dismiss his appointed counsel was moot. Phung was then released from prison and is no longer in custody.

Although Phung's appeal notices indicate that he appeals from the denial of his objections to the appointment of counsel and sentence reduction, his appellate briefs fail to challenge either of those orders. Instead, Phung asserts arguments challenging his conviction. But collateral attacks on a conviction aren't permitted under § 3582(c)(2)'s limited relief. *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) (holding that "[§] 3582(c)(2) proceedings are 'narrow' in scope and authorize 'only a limited adjustment to an otherwise final sentence'" (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Further, by not arguing the claims he raises in his appeal notices, Phung has waived those claims. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248 n.5 (10th Cir. 2008).

The district court's orders are affirmed. The government's motion to dismiss is denied as moot.

Entered for the Court

Nancy L. Moritz
Circuit Judge

3