**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CAN D. PHUNG,

    Defendant - Appellant.

No. 16-6352
(D.C. No. 5:09-CV-00772-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Can Phung, proceeding pro se, filed a notice of appeal from the district court's

order denying his motion for suspension of debt collection. We affirm.

## I.    Background

In 2009, Phung was convicted of dispensing controlled substances without

legitimate medical purpose, health care fraud, and altering records in a federal

investigation. He was sentenced to 109 months in prison. His convictions were

affirmed on direct appeal. *United States v. Phung*, 384 F. App'x 787, 794 (10th Cir.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2010).  He filed a 28 U.S.C. § 2255 motion for postconviction relief, which was denied in 2011.  In August 2016, Phung was granted a sentence reduction, a ruling he appealed to this court.

Following Phung's convictions, the government filed the underlying civil complaint pursuant to the False Claims Act, 31 U.S.C. § 3729, alleging that Phung presented or caused to be presented false or fraudulent claims for Medicaid reimbursement.  On August 17, 2011, the district court granted the government's motion for summary judgment and entered judgment against Phung in the amount of $125,800.48.  Phung did not appeal the judgment, but filed an unsuccessful motion for relief from the judgment.  He later filed a pro se affidavit asserting grievances against several participants in the case, including the judge.  In April 2012, the district judge recused.  After Phung was released from prison, the government instituted collection procedures to collect the judgment.  Phung filed a motion to suspend collection efforts on the grounds that his appeal of his sentence reduction was then still pending, as was a review of the recusal decision by a judicial oversight authority.  The district court denied the motion to suspend collection efforts on November 7, 2016.

II.    Discussion

Although Phung's notice of appeal purports to appeal the order denying his motion to suspend the government's collection of the monetary judgment, his appellate brief contains arguments challenging only the underlying summary judgment.  Phung attached various documents to his notice of appeal, including the

2

district court's summary-judgment order. To the extent Phung attempts to appeal the summary judgment entered on August 17, 2011, his December 5, 2016, notice of appeal was untimely. *See* Fed. R. App. P. 4(A)(1)(B) (requiring notice of appeal to be filed within 60 days after entry of the order appealed from if one of the parties is the United States). Therefore, this court lacks subject-matter jurisdiction to review the summary-judgment order. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (explaining that a timely notice of appeal in a civil case is a jurisdictional requirement).

The notice of appeal was timely as to the November 7, 2016, order denying the motion to suspend debt collection. But even construing his pro se brief liberally, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), Phung has provided no argument to support his appeal. Therefore, he has waived his claims. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) (holding litigant waived issue on appeal by failing to present any argument challenging the decision under review); *see also United States v. Sorensen*, 801 F.3d 1217, 1244 (10th Cir. 2015) *cert. denied*, 136 S.Ct. 1163 (2016) (stating litigant waived argument by failing to "cite any pertinent authority to support his assertion").

Even if we were to evaluate the merits of Phung's motion to suspend debt collection, we would affirm.[1] We fail to see how the government's collection efforts

---

[1] The parties argue that our standard of review is for an abuse of discretion. We have found no Tenth Circuit case, and the parties cite none, identifying the appropriate standard in this context. We need not announce a standard because we would affirm even under de novo review.

would be affected by the pendency (or even the outcome) of Phung's appeal of the order granting him a lower sentence.[2] Similarly irrelevant is any pending administrative review of the judge's decision to recuse.

## III.    Conclusion

We affirm the district court's order denying the motion to suspend collection of the judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] A panel of this court affirmed the sentence reduction. *United States v. Phung*, Nos. 16-6252 & 16-6267, 2017 WL 1149086 (10th Cir. Mar. 28, 2017) (unpublished).