**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY SHAUN JOHNSON,

    Defendant - Appellant.

No. 16-6372
(D.C. No. 5:94-CR-00064-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **McKAY**, and **McHUGH**, Circuit Judges.

Timothy Johnson appeals the district court's dismissal of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Because we agree with the district court that Mr. Johnson was ineligible for any reduction, we affirm.

In 1994, a jury convicted Mr. Johnson of numerous charges relating to a conspiracy to distribute cocaine. The district court found his guidelines range to be 360 months to life imprisonment and sentenced him to 410 months'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. After the promulgation of Amendments 706 and 782 to the Guidelines, Mr. Johnson filed motions to reduce his sentence under 18 U.S.C. § 3582. The district court dismissed his motions for lack of jurisdiction, finding that applying the amendments would not yield a lower guidelines range.

We see no error in the district court's analysis. Mr. Johnson does not dispute that his amended guidelines range would remain 360 months to life after applying the amendments. Nor does he contest the rule that a district court has no authority to grant a § 3582 motion if the relevant amendments do "not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(2)(a)(B); *see, e.g.*, *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2009). Indeed, Mr. Johnson does not explain what relief he seeks from this court. He never explicitly requests, for example, reversal of the district court's decision. *But see* Fed. R. App. P. 28(a)(9) (requiring appellant's brief to contain "a short conclusion stating the precise relief sought"). And the principal argument he seems to advance, a constitutional attack against his sentence, is not properly raised in a § 3582 motion. *See United States v. Gay*, 771 F.3d 681, 685–86 (10th Cir. 2014). In light of all this, we have no basis to overturn the district court's dismissals.

AFFIRMED.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Chief Judge