**UNITED STATES COURT OF APPEALS**

**TENANT CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 22-8060 |
| GERALD PAUL HEADLEY, JR., | (D.C. No. 16-CR-226-SWS-1) |
| Defendant - Appellant. | (D. Wyo.) |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK,** and **McHUGH**, Circuit Judges.

Pursuant to a plea agreement, Defendant Gerald Paul Headley, Jr., pleaded guilty in 2017 to two counts of abusive sexual contact with a minor in violation of 18 U.S.C. § 2244(a)(5). The district court sentenced Defendant to 180 months' imprisonment consistent with his agreement's terms. Defendant directly appealed but because of an appeal waiver in his plea agreement, Defendant elected to dismiss his appeal. Defendant then filed a motion for post-conviction relief in the district court under 28 U.S.C. § 2255 challenging his conviction and sentence. The court denied Defendant's § 2255 motion and he did not appeal. We next denied Defendant

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

leave to file a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b); 2255(h). Undeterred, Defendant then returned to the district court where he filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The court denied both motions and Defendant appealed. Our jurisdiction arises under 28 U.S.C. § 1291 and our review is for an abuse of discretion. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (motion for compassionate release); *Haynie v. Furlong*, 1999 WL 80144, at *3 (10th Cir. 1999) (unpublished) (motion for appointment of counsel). We summarily affirm.

A district court may grant a § 3582(c)(1)(A) motion only if it (1) finds extraordinary and compelling reasons warrant a sentence reduction, (2) finds such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, *and* (3) considers any applicable § 3553(a) factors and concludes the reduction authorized by steps one and two is warranted under the particular circumstances of the case. *See United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). In his § 3582(c)(1)(A) motion, Defendant argues his conviction for a charge not made in the indictment by a grand jury (presumably in violation of the Fifth Amendment's grand jury guarantee) constitutes an extraordinary and compelling reason for compassionate release. Defendant's challenge to his conviction and sentence arises, he says, because he did not plead guilty to the original charge in Count I of the Indictment, namely aggravated sexual abuse in

2

violation of 18 U.S.C. § 2241(c), but rather to the lesser included offense of abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5).  Defendant tells us he "understands that this issue should have been raised in an earlier proceeding such as [on] direct review or [in] a § 2255 [proceeding]."  But he claims he "did not discover this [purported] error until well after these proceedings were adjudicated."  Defendant at the very least, however, raised the issue in his request to file a second or successive § 2255 motion.  In denying Defendant leave to file a second or successive motion, we commented:  "In his motion for authorization, [Defendant's] proposed claim is that he pleaded guilty to a lesser included offense that was not included in the indictment.  He concede[d], however, that this proposed claim does not rely on 'newly discovered evidence' or a 'new rule of law,'" as required under § 2255(h).  *In re Headley*, No. 22-8042, Order at 1–2 (10th Cir. July 13, 2022).

In *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), we addressed a district court's discretion to find extraordinary and compelling reasons justifying a sentence reduction.  There, we held that in carrying out the first step of § 3582(c)(1)(A), district courts "determine for themselves" whether extraordinary and compelling reasons exist in a given case.  *Id.* at 833.  A careful exercise of this discretion is all the more important because we also held that at step two district courts are not bound by the Sentencing Commission's policy statements contained in U.S.S.G. § 1B1.13 (addressing sentence reductions) if they were issued prior to the 2018 amendment to § 3582 permitting a prisoner (rather than the prison warden)

to file his own motion for compassionate release after exhaustion of administrative remedies.[1]  *Id.* at 836–37; *see also id.* at 834 (noting the Sentencing Commission's most recent policy statement regarding sentence reductions under § 3582(c) were promulgated shortly prior to the 2018 amendment).

In other words, even considering the lack of governing policy statements, the district court's discretion to find extraordinary and compelling reasons justifying a sentence reduction under step one is not limitless.  Nothing in § 3582(c) permits Defendant to make an end run around a direct appeal or § 2255 motion by raising a challenge to the constitutionality of his plea, conviction, and/or sentence in a motion for compassionate relief under § 3582(c)(1)(A).  By labeling his current motion as one under § 3582, what Defendant effectively seeks to do is bypass both his plea agreement's appellate waiver and the requirements he must meet in order to file a second or successive § 2255 motion.  *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014).  Congress intended for § 3582(c)(1)(A) to provide a safety valve that allows for sentence reductions to any defendant when there is *not* an alternative means designed to afford relief under appropriate circumstances but extraordinary and compelling reasons nevertheless justify a reduction.  *See McGee*, 992 F.3d at 1046 (internal quotations omitted).

The district court did not abuse its discretion when it held a sentence reduction

---

[1]  The district court found Defendant exhausted his administrative remedies prior to filing his § 3582 motion and the Government has not challenged that finding.

was not available to Defendant under the legal theory of relief he advanced in his § 3582(c)(1)(A) motion.  Accordingly, the district court's denial of Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is AFFIRMED. *See United States v. Hald*, 8 F.4th 932, 942 n.7 (10th Cir. 2021) (refusing to read a jurisdictional element into § 3582(c)(1)(A)'s "extraordinary and compelling reasons" requirement).  Defendant's appeal from the denial of his motion for appointment of counsel under 18 U.S.C. § 3006A is DISMISSED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

5