**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNON EARL COLEMAN,

Defendant - Appellant.

No. 13-2118
(D.C. Nos. 1:12-CV-01330-WJ-SMV and
2:10-CR-02603-WJ-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Defendant Vernon Coleman, a federal prisoner proceeding pro se, seeks a

certificate of appealability to appeal the district court's denial of his § 2255 habeas

petition. After an inspection at the Lordsburg Port of Entry revealed 759 pounds of

marijuana in the commercial truck Defendant was driving, Defendant was charged with

one count of conspiring to possess with the intent to distribute more than 100 kilograms

of marijuana, in violation of 21 U.S.C. § 846, and one count of possessing more than 100

kilograms of marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841.

Defendant moved to suppress the evidence discovered during the investigation and

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statements he made during a resulting interview, arguing that because he is black, he was the victim of selective enforcement of the law in violation of his Fifth and Fourteenth Amendment rights. The district court denied Defendant's motion, after which Defendant entered a conditional guilty plea in which he reserved the right to appeal the suppression issue. We affirmed Defendant's conviction on direct appeal, *United States v. Coleman*, 483 F. App'x 419 (10th Cir. 2012), and the Supreme Court denied certiorari, *Coleman v. United States*, 133 S. Ct. 360 (2012).

Defendant then filed the instant habeas petition raising two grounds of error: (1) trial counsel was ineffective for failing to argue that the evidence and statements should be suppressed because, although the inspectors had returned Defendant's paperwork to him and told him he was free to leave, Defendant did not feel free to leave and thus his consent to a further search was invalid; and (2) the district court abused its discretion by denying Defendant's motion to suppress. The magistrate judge recommended that Defendant's petition be denied. Specifically, he concluded that Defendant's counsel's "performance did not fall below an objective standard of reasonableness" and, even if it did, Defendant could not show "that his counsel's allegedly insufficient performance resulted in prejudice to his defense" because, even if Defendant's consent to search was invalid, the inspector had probable cause to search Defendant's tractor-trailer. (R. at 166, 168.) Turning to Defendant's second claim, the magistrate judge concluded that "[t]his [wa]s the exact issue raised on appeal to the Tenth Circuit." (R. at 168.) Accordingly, the issue could not be raised in Defendant's § 2255 petition absent a change in the law,

which Defendant did not argue.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  After considering Defendant's objections to the report and recommendation and conducting a de novo review, the district court adopted the magistrate judge's recommendation and denied Defendant's petition.  Defendant now seeks a certificate of appealability, raising essentially the same arguments contained in his original petition.

After thoroughly reviewing the record and Defendant's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of Defendant's petition.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, for substantially the same reasons given by the magistrate judge and the district court, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge