**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VERNON EARL COLEMAN,

      Defendant - Appellant.

No. 15-2070
(D.C. Nos. 1:12-CV-01330-WJ-SMV &
2:10-CR-02603-WJ-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **PHILLIPS** and **MORITZ**, Circuit Judges.

Vernon Earl Coleman, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his "Motion of New evidence." D.C. No. 1:12-CV-01330-WJ-SMV, Doc. 23. In the motion, he argued that his conviction and sentence should be vacated because his Fourth Amendment rights were violated by his unlawful detention and an unlawful search of the trailer he was hauling. The district court construed the motion as an unauthorized second or successive motion under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We deny Mr. Coleman a COA and dismiss the appeal.

## I. Background

In April 2010, Mr. Coleman drove his semi-tractor trailer rig into a temporary Port of Entry near Lordsburg, New Mexico. A New Mexico Motor Transportation Division (MTD) Officer performed a brief inspection of Mr. Coleman's truck and paperwork and then told him that he was free to leave. Mr. Coleman subsequently signed a consent form authorizing a more thorough search of the trailer, and the officer found 759 pounds of marijuana in several duffle bags.

Federal drug charges were brought against Mr. Coleman. His counsel filed a motion to suppress evidence and statements, asserting a claim of selective enforcement of the law against Mr. Coleman, who is African-American, in violation of his Fifth and Fourteenth Amendment rights. Counsel chose, as a matter of trial strategy based on the evidence, not to assert a Fourth Amendment claim based on lack of consent or probable cause to support a search. *See* D.C. No. 1:12-CV-01330-WJ-SMV, Doc. 12, at 6-7. The district court denied the motion to suppress and, in April 2011, Mr. Coleman pleaded guilty to possessing more than 100 kilograms of marijuana with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. He reserved the right to appeal the denial of his motion to suppress, and he did appeal. We affirmed the district court's ruling in an order and judgment filed on May 18, 2012.

In December 2012, Mr. Coleman, appearing pro se, filed his first § 2255 motion in the district court. Relevant to the current appeal, he asserted that his Fourth Amendment rights were violated when the MTD Officer detained him illegally, and that his trial counsel provided constitutionally ineffective assistance by not challenging his detention and the validity of his consent to a search. *See* D.C. No. 1:12-CV-01330-WJ-SMV, Doc. 2, at 3-6. The magistrate judge recommended that the § 2255 motion be denied, the district court adopted the recommendation, and we denied Mr. Coleman a COA for his appeal.

In the underlying "Motion of New evidence," Mr. Coleman argued to the district court that he was entitled to relief from his conviction and sentence because his Fourth Amendment rights had been violated. He asserted that his trial counsel raised an argument under the Fifth and Fourteenth Amendments, not the Fourth Amendment, in the motion to suppress. He attached a copy of our May 18, 2012, Order and Judgment on his direct appeal, where he had underlined our statement that "Mr. Coleman, however, brings his challenge under the Equal Protection Clause, not the Fourth Amendment." D.C. No. 1:12-CV-01330-WJ-SMV, Doc. 23 Att. 1, at 4.

In its order denying the "Motion of New evidence," the district court explained that Mr. Coleman had himself raised a Fourth Amendment issue in his first § 2255 motion, and his "Motion of New evidence" was therefore a second or successive § 2255 motion. *See id.* Doc. 24, at 2 & n.1. The court also explained that it lacked jurisdiction to consider a successive § 2255 motion without this court's prior

authorization.  *Id.* at 2-3.  The court decided that it would not be in the interests of justice to transfer the motion to this court for authorization and dismissed it for lack of jurisdiction.  *Id.* at 3.

## II.  Discussion

A COA is a jurisdictional prerequisite to our review of the district court's decision.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  We will issue a COA "only if [Mr. Coleman] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court denied his § 2255 motion on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We conclude that it is not debatable for the reasons explained by the district court.  Mr. Coleman's request for a COA does not provide a basis for granting a COA.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).  When presented with an unauthorized second or successive application, the district court has the option to transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction.  *Id.* at 1252.  The district court decided to dismiss.  Nothing before us indicates that any reasonable jurist would disagree with that decision.

Accordingly, we deny Mr. Coleman's application for a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk