**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERNON EARL COLEMAN,

    Defendant - Appellant.

No. 16-2063
(D.C. No. 2:10-CR-02603-WJ-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Vernon Coleman was convicted of possessing marijuana with intent to distribute. At sentencing, the district court applied the federal sentencing guidelines, assessing Mr. Coleman's criminal history at Category VI and deducting three points for acceptance of responsibility.

---

[*]    Oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Invoking Guideline 4B1.1(b), the court imposed a sentence of 164 months' imprisonment.

After the district court imposed this sentence, the U.S. Sentencing Commission amended the guidelines through a document known as "Amendment 782." Mr. Coleman moved for a sentence reduction based on Amendment 782, but the district court dismissed the motion. Mr. Coleman appeals, and we affirm.

In his opening brief, Mr. Coleman asks what happened to his three-point adjustment for acceptance of responsibility. Mr. Coleman cannot collaterally attack the initial sentence even if the district court had erred in failing to award the three points for adjustment of responsibility. *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014).

But Mr. Coleman does not appear to collaterally challenge the sentence based on the failure to award the three points. Instead, he simply wonders what happened to those three points.  Thus, the Court will answer his question: The district court awarded Mr. Coleman three points for acceptance of responsibility; but the court also found that Mr. Coleman qualified as a career offender, which increased the base offense level to 34. That increase offset the 3-point adjustment for acceptance of responsibility.

In his reply brief, Mr. Coleman argues that his criminal history did not justify placement in Category VI. This argument is invalid, procedurally and substantively.

The argument is invalid procedurally because it was omitted in Mr. Coleman's opening brief. Though Mr. Coleman is pro se, he must abide by this court's procedural rules. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). One such rule is that appellants must include all arguments for reversal in their opening briefs. Fed. R. App. P. 28(a)(8). Mr. Coleman's failure to include this argument in his opening brief constitutes a waiver of the argument. *See United States v. Beckstead*, 500 F.3d 1154, 1163 (10th Cir. 2007).

The argument is also invalid substantively. Mr. Coleman was treated as a career offender because he had two prior convictions for drug trafficking. As a career offender, he was automatically put in Category VI. U.S. Sentencing Guidelines Manual § 4B1.1(b) (U.S. Sentencing Comm'n). In fact, this was never an issue in district court, for defense counsel specifically acknowledged that Mr. Coleman belonged in Category VI because of his criminal history. Def's Sent. Mem. at 1-3, *United States v. Coleman*, No. 2:10-cr-02603-WJ-1 (D. N.M. June 24, 2011), ECF No. 71.

Because Mr. Coleman's arguments are invalid, the district court correctly dismissed the motion for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge