**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VERNON EARL COLEMAN,

     Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO; JUDGE
WILLIAM P. JOHNSON; U.S.
ATTORNEY DAMON P. MARTINEZ;
WILLIAM J. PFLUGRATH; PUBLIC
DEFENDER MARCIA J. MILNER, Esq.,

     Defendants - Appellees.

No. 16-2057
(D.C. No. 1:15-CV-01173-JCH-KBM)
(D. N.M.)

_____

VERNON EARL COLEMAN,

     Plaintiff - Appellant,

v.

WILLIAM P. JOHNSON, United States
District Court of New Mexico; JACOB A.
WISHARD, U.S. Attorney; MICHAEL D.
NAMMAR; DENNIS J. CANDELARIA,
Esq.; CESAR PIERCE-VARELA, Esq.;
MARCIA J. MILNER, Esq.; JERRY
SMITH, Agent; MICHAEL RICHARDS,
Agent; FNU MONTOYA, Special Agent;
THOMAS MORA, New Mexico State
Police Sergeant of Investigation Bureau;
CHAD BORN, State Police Investigation
Bureau; CHRISTOPHER ALVAREZ,
Officer at point of entry; DAVE GOMEZ,
Inspector; CHARLES MADRID, Officer;

No. 16-2058
(D.C. No. 1:15-CV-00959-JCH-WPL)
(D. N.M.)

FNU BARRERA, Sergeant; FNU
LASITER, Patrolman; FNU TARANGO,
Patrolman,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Vernon Earl Coleman appeals the dismissal of two § 1983 claims seeking monetary damages against the District Court of New Mexico and some of its officials as well as against several other state and federal officials.[1] Coleman had previously pleaded guilty to possessing more than 100 kilograms of marijuana with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. In these two appeals, Coleman argues that his criminal sentence is unlawful and that his guilty plea was unlawfully induced or made involuntarily without his understanding of the charge and the consequences of the plea.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Coleman appealed the district court's dismissal of these two complaints separately. But because they are largely duplicative and both complaints suffer from the same legal flaws, we will discuss the merits of the appeals as one.

The district court dismissed both claims for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The district court also determined that both complaints were frivolous and malicious, and it imposed two strikes under 28 U.S.C. § 1915(e)(2). *See Coleman v. U.S. Dist. Ct.*, No. 15-CV-1173-JCH-KBM (D.N.M. Mar. 15, 2016) (imposing the first strike); *Coleman v. Johnson*, No. CIV 15-CV-00959-JCH-WPL (D.N.M. Mar. 30, 2016) (imposing the second strike). The court then denied Coleman's motion for leave to amend his complaint regarding his criminal sentence to include a declaratory judgment claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Finally, it denied Coleman's motions for leave to proceed on appeal under 28 U.S.C. § 1915, certifying that the appeals were not taken in good faith.

On appeal, Coleman argues that the district court erred in dismissing his claims because, even if state and federal public officials are immune from suit for monetary damages, they aren't immune to claims for declaratory or injunctive relief. The district court properly rejected this argument in its order denying Coleman's motion to amend. And in any case, this argument fails to address the district court's remaining reasons for dismissing Coleman's complaints. On appeal, Coleman also seeks leave to proceed *in forma pauperis*. We affirm all of the district court's orders.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). But a court may dismiss a pro se complaint for failure to state a claim only if "it is obvious that the plaintiff cannot prevail on the

3

facts he has alleged and it would be futile to give him an opportunity to amend." *Id.*

(quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). In determining

whether dismissal is proper, we must accept the allegations in the complaint as true

and construe them in the light most favorable to the plaintiff. *Id.* We must also draw

reasonable inferences in the plaintiff's favor. *Id.* To survive dismissal, the allegations

in the complaint must plausibly support a legal claim for relief. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).

In essence, Coleman's § 1983 claims allege that his criminal sentence is too

long. He sought monetary damages based on his assertion "that he was not or should

not have been sentenced as a career offender." R. at 70. The district court correctly

found Coleman's claims against the federal defendants barred by absolute immunity,

because judges and prosecutors are absolutely immune from suit for damages.[2] *See*

*Burns v. Reed*, 500 U.S. 478, 485 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–56

(1978). Coleman now claims that these officials aren't immune from suits for

declaratory or injunctive relief.

First, because Coleman's complaint didn't request injunctive or declaratory

relief, he has forfeited his ability to do so here. But second, even if he had requested

injunctive or declaratory relief, his claims would still be barred under *Heck v.*

*Humphrey*, 512 U.S. 477, 487 (1994). Coleman's underlying claims are that his

sentence is too long and his guilty plea was made involuntarily. The *Heck* doctrine

---

[2] As the district court observed, this means that Coleman's claims would be barred even if he had properly brought them under *Bivens*, 403 U.S. 388.

4

bars claims for which a judgment in the plaintiff's favor would imply the invalidity of his conviction or sentence. *Heck*, 512 U.S. at 487.

In *Heck v. Humphrey*, a state prisoner brought a § 1983 action against two state prosecutors and a state police investigator. The United States Supreme Court held that the defendant couldn't recover damages for harm caused during his conviction or imprisonment unless some authority called the conviction or sentence into question. *Heck*, 512 U.S. at 486–87. Specifically, the Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* Civil suits "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 485.

Though *Heck* dealt with only § 1983 actions, the doctrine has since been expanded. It now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). And it applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In a well-reasoned order, the district court properly applied the *Heck* doctrine to Coleman's claims. We need not repeat that analysis here. We simply reiterate that *Heck* bars all of Coleman's claims because fundamentally, they imply the invalidity of his conviction and sentence. Coleman has not demonstrated that his sentence or

conviction is invalid. Indeed, he has unsuccessfully attacked his sentence and conviction both on direct appeal and in a 28 U.S.C. § 2255 proceeding. *See United States v. Coleman*, 660 F. App'x 657 (10th Cir. 2016); *United States v. Coleman*, 618 F. App'x 356 (10th Cir. 2015); *United States v. Coleman*, 532 F. App'x 812 (10th Cir. 2013); *United States v. Coleman*, 483 F. App'x 419 (10th Cir. 2012). In these cases, we consistently affirmed Coleman's conviction and sentence, and *Heck* prohibits him from challenging them yet again under a new legal theory. Thus, we affirm the district court's dismissal of both of Coleman's § 1983 claims.

The district court also denied Coleman's motion to proceed *in forma pauperis*, finding that Coleman's appeal wasn't taken in good faith under 28 U.S.C. § 1915(a)(3). The court concluded that no law or fact supported Coleman's issues on appeal, and found his claims to be both frivolous and malicious. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999); 28 U.S.C. § 1915(e)(2). Given that Coleman makes substantially the same arguments on appeal that he has made numerous times in at least four different cases, we agree with the district court's findings and deny Coleman's motion for leave to proceed on appeal *in forma pauperis*.[3]

---

[3] This counts as Coleman's third strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011). This means that Coleman may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It also means he must pay his appellate filing fee in full.

For the reasons stated above, we affirm the district court's orders dismissing Coleman's claims in their entirety.

Entered for the Court


Gregory A. Phillips
Circuit Judge