**UNITED STATES COURT OF APPEALS**

**December 21, 2017**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERNON EARL COLEMAN,

Defendant - Appellant.

No. 17-2049
(D.C. No. 2:10-CR-02603-WJ-1)
D. New Mexico

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Vernon Earl Coleman appeals the district court's

imposition of filing restrictions. Our jurisdiction arises under 28 U.S.C. § 1291

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and we review the imposition of filing restrictions under the abuse-of-discretion standard.  *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id*. at 352. (quotation omitted).  Filing restrictions "are proper where a litigant's abusive and lengthy history is properly set forth," the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Id*. at 353-54.

Since his 2011 conviction for drug trafficking was affirmed on direct appeal, *United States v. Coleman*, 483 F. App'x 419 (10th Cir. 2012), Coleman has filed six motions and two civil lawsuits in the United States District Court for the District of New Mexico.[1]  All of these actions were challenges to his conviction or sentence.

---

[1] These actions are as follows: a motion to vacate his conviction pursuant to 28 U.S.C. § 2255; a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); a Motion of New Evidence that was properly treated as a second or successive § 2255 motion, *United States v. Coleman*, 618 F. App'x 356 (10th Cir. 2015); a third motion pursuant to 28 U.S.C. § 2255; a motion to correct the presentence investigation report; and a Motion to Correct Sentence.  In addition to these post-conviction motions, Coleman has filed two civil rights lawsuits against, *inter alia*, the United States District Court for the District of New Mexico.  Both were properly dismissed for failure to state a claim.  *Coleman v. United States Dist. Court of N.M.*, 678 F. App'x 751 (10th Cir. 2017) (holding that Coleman's claims were barred by the *Heck* doctrine because "they imply the invalidity of his conviction and sentence").

Before imposing filing restrictions, the district court *sua sponte* issued an order to show cause, to which Coleman responded. The district court addressed Coleman's objections in its order imposing the proposed filing restrictions, stating:

> In his Reasons Restrictions Should Not Be Imposed, Coleman claims that the Court has confused him with someone named Vernon Carl Coleman and has mistakenly sentenced him using someone else's Presentence Report ("PSR") and criminal case. The Court has conducted a thorough examination of the record in all of Coleman's criminal cases and finds no evidence that the Court has confused Coleman with anyone else. There is no record of prosecution of anyone named Vernon Carl Coleman in this District. . . . The record further establishes that no other defendant's convictions have been used to enhance his sentences or calculate his sentencing range under the Sentencing Guidelines. . . .
>
> Coleman has repeatedly challenged his conviction and sentence and been advised by this Court, as well as the Tenth Circuit, that his conviction and sentence are proper. . . . Coleman's statement that he "should be able to continue to file until I get my correct sentence" . . . demonstrates exactly why filing restrictions are appropriate in this case. Coleman's unwillingness to accept that he has been correctly sentenced and is not legally entitled to any further relief imposes an undue burden on the Court's time and resources.

This court has reviewed Coleman's litigation history and considered the arguments made in his appellate brief. We can find no abuse of discretion by the district court. The court complied with the requirements for imposing filing restrictions by correctly setting out Coleman's abusive and lengthy post-conviction litigation history, giving Coleman notice and an opportunity to oppose the imposition of filing restrictions, and providing Coleman guidelines he can

-3-

follow to receive the district court's permission to file a future action. Accordingly, the district court's imposition of filing restrictions is **affirmed**.

Coleman's request to proceed on appeal *in forma pauperis* is **denied** and he is reminded of his obligation to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge