FILED
United States Court of Appeals
Tenth Circuit

December 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL DWIGHT NORWOOD,

     Defendant-Appellant.

No. 15-6036
(D.C. No. 5:06-CR-00180-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Michael Dwight Norwood was convicted of three counts of

distributing methamphetamine and one count of possessing a firearm after

a felony conviction. At sentencing, the district court found a total offense

level of 42 and imposed concurrent sentences of 120 months, two 360-

month sentences, and life imprisonment. The offense level was based on

---

[*]    The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

the 2007 drug-quantity tables, establishing sentence equivalencies to marijuana for various controlled substances.

In 2014, the U.S. Sentencing Commission issued Amendment 782, modifying the drug-quantity tables to reduce the base-offense levels for various drug-related offenses. In light of the modified drug-quantity tables, Mr. Norwood moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), asking the district court to reduce the sentence for one of his drug-distribution charges from life imprisonment to 360 months. The court denied the motion, reasoning that Mr. Norwood was ineligible for relief under § 3582(c)(2) because Amendment 782 would not alter his guideline range. Mr. Norwood appeals, and we affirm.

To decide this appeal, we must determine whether the district court correctly applied § 3582(c)(2). On this issue, we engage in de novo review. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

In exercising de novo review, we must determine whether the Commission's modification of the drug-quantity tables would have affected Mr. Norwood's sentence. In our view, Mr. Norwood's sentence would not have been affected.

In sentencing Mr. Norwood for possession of 53.7 grams of methamphetamine, the district court found a base-offense level of 38 and applied a 4-level enhancement. Under the revised drug-quantity tables, Mr. Norwood's base-offense level would have been 36; so with the 4-level

2

enhancement, his total offense level would have been 40. Thus, with the same enhancement applied at the initial sentencing, Mr. Norwood's total offense level would have fallen from 42 to 40. But Amendment 782 did not affect Mr. Norwood's criminal history category or other sentencing enhancements that the district court had applied to Mr. Norwood.

For a total offense level of either 42 or 40 with the assessed criminal history, the guideline range was the same: 360 months to life imprisonment. U.S. Sentencing Guidelines Manual ch. 5, pt. A (2014) (Sentencing Table). Thus, the amendment to the drug-quantity tables did not affect Mr. Norwood's guideline range. In these circumstances, Mr. Norwood cannot obtain a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S. Sentencing Guidelines § 1B1.10(a)(2)(B) (2014) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."); *see also United States v . Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (stating that because a guideline amendment did not affect the defendant's guideline range, a sentence reduction under § 3582(c)(2) was properly denied).[1]

---

[1]     In the alternative, the district court ruled that it would not have reduced the sentence even if Mr. Norwood had been eligible for relief under § 3582(c)(2). We need not address the alternative ruling in light of our

3

Mr. Norwood concedes that the guideline range would have remained the same based on the findings that the district court had made at sentencing. Appellant's Opening Br. at 9. But Mr. Norwood challenges these findings, arguing that the district court violated the U.S. Constitution by failing to allow the jury to decide matters involving relevant conduct. In our view, this argument is not available under § 3582(c)(2). A § 3582(c)(2) motion is available to request a sentence reduction only for the sentencing range that was lowered by the Commission's amendment, not to challenge other aspects of a defendant's sentence. *See United States v. Prince*, 438 F.3d 1005, 1007 (10th Cir. 2006) (holding that *United States v. Booker*, 543 U.S. 220 (2005), "does not provide a basis for a sentence reduction under [18 U.S.C.] § 3582(c)"); *see also United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) (holding that a defendant cannot collaterally attack his sentence under 18 U.S.C. § 3582(c)(2)).

Amendment 782 reduces the base-offense level for the drug-quantity tables, but does not affect sentencing enhancements for "relevant conduct." As a result, we cannot entertain Mr. Norwood's collateral challenge to the enhancement imposed at sentencing for relevant conduct. With that enhancement, Amendment 782 did not affect the guideline range for Mr. Norwood's conviction. As a result, he does not have an available claim

conclusion that Mr. Norwood does not qualify for relief under § 3582(c)(2).

4

under § 3582(c)(2). In these circumstances, the district court properly denied Mr. Norwood's motion. Thus, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

5