FILED
United States Court of Appeals
Tenth Circuit

December 11, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

Defendant - Appellant.

No. 18-6113
(D.C. No. 5:06-CR-00180-F-1)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS, MCKAY**, and **BALDOCK**, Circuit Judges.
_____

Michael Dwight Norwood appeals the denial of his motion for reconsideration.

The district court denied the motion as untimely. We affirm.

**BACKGROUND**

In 2006, Norwood pleaded guilty to three counts of distributing methamphetamine

and one count of being a felon in possession of a firearm. At sentencing, the court set

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Norwood's base offense level at 42 and his criminal history at category IV. This resulted in an advisory sentencing guideline range of 360 months to life imprisonment. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A, sentencing table. The court sentenced Norwood to four concurrent terms of imprisonment, including a term of life.

In 2014, the U.S. Sentencing Commission issued Amendment 782, which revised the Drug Quantity Table and reduced base-offense levels for defendants convicted of certain drug-related offenses. U.S.S.G. app. C, Amend. 782. The commission made the amendment retroactive. *See* U.S.S.G. § 1B1.10, Application Note 6. As a result, Norwood's base offense level dropped from 42 to 40.

Prompted by Amendment 782, Norwood filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. Section 3582(c)(2) provides that a court may reduce a term of imprisonment if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission."

The district court denied Norwood's motion. The court found that although Norwood's base offense level decreased from 42 to 40, his criminal history score did not change. This left Norwood's advisory sentencing range at 360 months to life imprisonment. The court held that § 3582(c)(2) authorized sentence reductions only when a retroactive change in the guidelines decreased a defendant's sentencing range. Thus, the court held it was not statutorily permitted to reduce Norwood's sentence. Norwood appealed, and we affirmed. *United States v. Norwood*, 624 F. App'x 669 (10th Cir. 2015).

In 2018, Norwood moved for reconsideration of the denial of his § 3582 motion. The district court denied the motion as untimely. The court noted that Norwood needed to

file his motion for reconsideration within the time allotted for filing a notice of appeal. Thus, any motion for reconsideration was due within 14 days after the court entered its order denying the § 3582 motion. *See* Fed. R. App. P. Rule 4(b). Norwood's motion, filed roughly three years after the district court denied the § 3582 motion, was well outside the 14-day window. Norwood, proceeding pro se, now appeals the district court's decision.[1]

## DISCUSSION

Norwood argues that his motion for reconsideration was "denied for reasons inconsistent with" circuit law. Op. Br. at 2. The opposite is true. The denial complied with this court's caselaw. This court has held that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order." *United States v. Randall*, 66 F.3d 1238, 1243 (10th Cir. 2011). Under Rule 4(b) of the Federal Rules of Appellate Procedure, Norwood had to file his notice of appeal within 14 days of the entry of the order denying his § 3582 motion. Therefore, under *Randall*, any motion for reconsideration was due within 14 days after the entry of the order denying his § 3582 motion. 66 F.3d at 1243. The district court denied Norwood's § 3582 motion on February 24, 2015. Norwood filed his motion for reconsideration on May 21, 2018. Accordingly, Norwood filed his motion for reconsideration well after the time to do so had expired. *Randall* required the district court to hold that Norwood's motion was untimely.

---

[1] We construe Norwood's pleading liberally because he is proceeding pro se. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Norwood argues that *Randall* should not apply to this case for two reasons. First, he claims that he brought his motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and that Rule 59(e) places no time constraints on a motion to reconsider the denial of a § 3582 motion. Op. Br. at 4. *Randall* also forecloses this argument. In *Randall*, we held that § 3582 motions are "a criminal matter" and governed by Rule 4(b) of the Federal Rules of Appellate Procedure. 666 F.3d at 1240. As such, the Rules of Civil Procedure do not apply to Norwood's § 3582 motion. But even if Rule 59(e) of the Federal Rules of Civil Procedure did apply, the rule provides that a motion "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Norwood's motion for reconsideration, filed more than three years after the judge denied his § 3582 motion, falls far outside this timeframe as well.

Second, Norwood argues that the time constraints for filing a motion for reconsideration were "hidden" and "ultimately created objective" factors that impeded his efforts to timely file his motion. Op. Br. at 3. Construing Norwood's pleadings liberally, he might be arguing that the district court should have granted an extension for excusable neglect. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that to show cause for a procedural default, the petitioner must show an objective factor external to the defense that impeded the direct appeal appeal). We acknowledge that Rule 4(b) permits a sentencing court to extend the time in which to file a notice of appeal for "a period not to exceed 30 days" upon "a finding of excusable neglect or good cause." Fed. R. Crim. P. Rule 4(b). But even if Norwood demonstrated excusable neglect or good cause, which he has not, the rule permits just a single 30-day extension. *Id*. Accordingly, Norwood's

motion for reconsideration would be untimely even if a 30-day extension had been granted.

Finally, Norwood argues that this court should revisit *Randall* to decide whether its holding passes "constitutional muster." Op. Br. at 4. This panel does not have that ability. "Under the doctrine of stare decisis, this panel cannot overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court." *United States v. Edward J.*, 224 F.3d 1216, 1220 (10th Cir. 2000) (internal quotations omitted). Norwood does not point us to any Supreme Court decision superseding *Randall*, nor have we discovered any on our own. *Randall* remains controlling precedent. The district court properly applied *Randall* when it denied Norwood's motion as untimely. Accordingly, we affirm.

This matter is also before the court on Norwood's motion for leave to proceed in forma pauperis. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)). The Supreme Court has made clear "that merit or lack of merit is not the test" for determining such a motion. *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). All that is needed is "a rational argument on the law or facts." *Id*. While a close call, we find that Norwood has satisfied the minimal threshold required by 28 U.S.C. § 1915(a). Accordingly, we grant Norwood's motion to proceed in forma pauperis.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Norwood's motion for reconsideration.

Entered for the Court


Gregory A. Phillips
Circuit Judge