**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 10, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

    Defendant - Appellant.

No. 22-6104
(D.C. No. 5:06-CR-00180-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Michael Norwood appeals the district court's denial of his motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

In 2006, Norwood pleaded guilty without a plea agreement to Counts 1 and 2 for distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(b)(1)(C); Count 3 for distributing methamphetamine, in violation of § 841(a)(1), (b)(1)(B); and Count 4 for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Before his sentencing, the government filed an information under 21 U.S.C. § 851 containing notice of a prior conviction for a serious drug felony.

With this § 851 enhancement, the penalty for Counts 1 and 2 increased to a thirty-year maximum sentence, and the penalty for Count 3 increased to a prison term of ten years to life imprisonment. § 841. Norwood's sentencing guideline range was 360 months to life imprisonment. For the counts now at issue, the court sentenced Norwood to sentences within his advisory guideline ranges: terms of 360 months' imprisonment each on Counts 1 and 2, and life imprisonment on Count 3.

In February 2022, Norwood filed what amounts to his tenth motion for a sentence reduction or compassionate release. Under 18 U.S.C. § 3582(c)(1)(A)(i), he asked the district court to reduce his drug sentences to 92 months' imprisonment. He relied on four grounds to show the required extraordinary and compelling circumstances: (1) that if he "was sentenced after the passage of the First Step Act, the government would not seek an enhanced penalty under 21 U.S.C. § 851," R. vol. 5, at 204; (2) that his prior state drug convictions would not have qualified as serious drug felonies under the First Step Act; (3) the government had simply charged the statutory drug weights, which is improper under the Fair Sentencing Act; and (4) that he would have

been eligible for a two-level base-offense reduction under U.S.S.G. Amendment 782. As § 3553(a) factors weighing against continued detention, he directed the court to "the length [of his] imprisonment, his personal rehabilitation, and deeply felt remorse." *Id.* at 213.

The district court concluded that Norwood had "failed to demonstrate extraordinary and compelling reasons for compassionate release" and that his personal-rehabilitation efforts while incarcerated were "not unique." *Id.* at 250. The court also concluded that the § 3553(a) factors weighed against Norwood's release. Reiterating that Norwood's drug-distribution crimes had "ruined countless lives and families" in southwest Oklahoma, the court found that Norwood had given the court "no reason to have any confidence that [he] would be unwilling to return to selling poison in the community." *Id.* at 251. The court denied Norwood's motion. Norwood appeals this denial.

## STANDARD OF REVIEW

We review a district court's denial of a compassionate-release motion for abuse of discretion.[1] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (citation omitted). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (citation omitted).

---

[1] Norwood argued in his opening brief that we should review de novo. Because he conceded in his reply brief that the proper standard of review on appeal is abuse of discretion, further discussion on the appropriate standard of review is unnecessary.

Because Norwood is proceeding pro se, we liberally construe his filings, but we will not act as his advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citation omitted).

## DISCUSSION

Norwood argues that his "§ 851 enhancements" are now improper given the First Step Act. So Norwood apparently contests the continued viability of his life sentence on Count 3 under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851(a). But the First Step Act does not provide Norwood retroactive relief. *United States v. McGee*, 992 F.3d 1035, 1039 (10th Cir. 2021).

Norwood next argues that he should benefit from the Fair Sentencing Act. But the Fair Sentencing Act applies only to crack-cocaine offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2(a), 3, 124 Stat. 2372, 2372 (2010) (codified as amended at 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), 844(a)). Norwood pleaded guilty to three counts of distributing methamphetamine, so the Fair Sentencing Act does not apply to his motion for a sentence reduction. *See United States v. Brown*, 791 F. App'x 785, 788 (11th Cir. 2019) (per curiam) (unpublished).

Norwood also states that he should qualify for a sentence reduction under U.S.S.G. Amendment 782. We have already stated that Amendment 782 does not apply to Norwood's sentence, so "he does not have an available claim under

4

§ 3582(c)(2)." *United States v. Norwood*, 624 F. App'x 669, 670 (10th Cir. 2015). We will not entertain this issue for a second time.

Finally, Norwood asks us to consider the § 3553(a) factors, which the district court found weighed against Norwood's release. But the district court was not required to consider these factors, because it found Norwood had not shown extraordinary and compelling circumstances. *Hemmelgarn*, 15 F.4th at 1029 (citation omitted). Norwood has not shown the district court's factual findings on the § 3553(a) factors were clearly erroneous, and we will not reweigh the factors. *See United States v. Williams*, 848 F. App'x 810, 813 (10th Cir. 2021).

## CONCLUSION

For these reasons, we affirm the district court's denial of Norwood's motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Entered for the Court

Gregory A. Phillips
Circuit Judge